UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAYMES ARTHUR GALLAGHER, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO. C22-5434 BHS <br><br> ORDER |

This matter comes before the Court on Petitioner Jaymes Arthur Gallagher's Motion for Extension of Time and for Appointment of Counsel, Dkt. 7.

Gallagher, a federal prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2255 and challenges his 2020 conviction on one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A),[1] to which he pled guilty. Dkt. 1; *see also United States v. Gallagher*, 19-cr-5389 BHS, Dkt. 65.

---

[1] Gallagher also pled guilty to one count of Conspiracy to Distribute Controlled Substances, but he challenges only his firearm conviction. *See* Dkt. 1.

ORDER - 1

As to Gallagher's request for appointment of counsel, no constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In relation to a § 2255 petition, the court may appoint counsel. 28 U.S.C. § 2255(g). Appointment of counsel is appropriate for "any financially eligible person who . . . is seeking relief under [§ 2255]" if "the court determines that the interests of justice" require such appointment. 28 U.S.C. § 3006A(a)(2)(B).

The Court concludes that justice does not require the appointment of counsel. Gallagher asserts a straightforward argument that his conviction under 18 U.S.C. § 924(c)(1)(A) should be vacated because he did not use his firearms in connection with the distribution of controlled substances. *See* Dkt. 1. He has not established that counsel is necessary to assist him in advancing this argument or for any other purpose. The Court therefore **DENIES** Gallagher's Motion for Appointment of Counsel.

Gallagher's Motion for Extension of Time, however, is **GRANTED**. Gallagher's reply to the Government's response to his Motion to Vacate shall be due no later than **November 4, 2022**. The Clerk shall renote the Motion to Vacate, Dkt. 1, for consideration on the Court's November 4, 2022 calendar.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2022.

BENJAMIN H. SETTLE
United States District Judge